## John L. Goff, Sheriff, etc.,
## v.
## Douglas County.

*Sheriffs—Compensation for Keeping Jail—Assistant.*

Under the laws of this State it is a part of the official duty of the sheriff to keep the county jail.  He is entitled to no compensation therefor in addition to his salary, except as it may be provided by the county board, and he can not maintain an action against the county for money paid by him to an assistant jailer.

[Opinion filed November 23, 1889.]

In error to the Circuit Court of Douglas County; the Hon. C. B. Smith, Judge, presiding.

Messrs. Eckhart & Moore, for plaintiff in error.

Messrs. John R. Eden and J. K. Breeden, for defendant in error.

Conger, J.   The plaintiff in error is the present sheriff of Douglas county, having been elected in November, 1886.

Immediately after his election he appointed J. C. Cutler assistant jailer of said county, at a certain sum *per diem*. The amount was audited and paid by the county until the meeting of the board in May, 1888.   At the March meeting, 1889, of the board of supervisors of the county, there was due plaintiff in error the sum of $348, being the aggregate of sums of money paid out to J. C. Cutler by said sheriff for his services as assistant jailer.   This amount was for sums paid out covering different periods of time from May 5, 1888, to December 3, 1888, and from December 3, 1888, to March 4, 1889.   Accounts for these various sums of money were presented to the board of supervisors of the county duly verified, as required by law.   The board of supervisors refused to allow the claim.

At the April term, 1889, of the Circuit Court, plaintiff in error brought a suit against the county to recover the sums he had paid out to the assistant jailer.   The suit was brought in assumpsit.   The declaration contained the common counts only, with which there was filed a bill of particulars.

Defendant in error, by its counsel, filed a demurrer, which was overruled, and plaintiff in error then, by leave of court, filed a special count, and defendant in error again filed a demurrer, which was sustained, to the special count, and a *nolle* was entered as to the common counts.   The plaintiff in this suit, abiding by his declaration, brings this case to this court, and assigns for error the ruling of the court below in sustaining the demurrer to the special count of plaintiff's declaration.

The special count is as follows:

" Now comes said John L. Goff, sheriff of said county, plaintiff in the above cause, by Eckhart & Moore, his attorneys, and complains of the county of Douglas, a body politic and corporate, defendant in said cause, summoned of a plea of trespass on the case on promises; for that whereas, heretofore, to wit, said plaintiff at various times from May 5, 1888, and to December 3, 1888, inclusive, at said county, said plaintiff

paid to J. C. Cutler the sum of $212; and also at various times, from December 3, 1888, to March 4, 1889, inclusive, at said county, said plaintiff paid said J. C. Cutler the sum of $136.50, said sums having been paid as aforesaid to said Cutler for services rendered as assistant jailer of said county, for keeping said jail from May 5, 1888, to December 3, 1888, and from December 3, 1888, to March 4, 1889.    Plaintiff avers that said services were necessary, and that said plaintiff presented said claim, to wit, the total sum of $348.50, being the aggregate of said sums, to the board of supervisors of said county, as an account against said county, at their meeting held in March, 1889; and also said plaintiff, at the meeting of said board held in December, 1888, presented said claim, to wit, $212, as an account and claim against said county, and that said board of supervisors, at said meetings, respectively, and at other meetings of said board, refused to allow said claim, and then and there denied the same, to the damage of said plaintiff for said sum of $348.59, whereby an action has accrued to plaintiff against said defendant, at the county aforesaid, for said sum of $348.50, paid out as aforesaid, and therefore he brings suit for said amount, $348.50."

The facts by the demurrer are admitted, and the only question is whether the county is liable at all for money paid out for keeping the jail, under the facts as presented by this special count, and admitted by the demurrer to be true.

The act relative to jail and jailers was passed in 1874, and this subject is treated in chapter 75 of the Revised Statutes. By Sec. 2 the sheriff is keeper of the jail, and by Sec. 3 he may appoint an assistant jailer and remove him at pleasure. By Sec. 24 "the cost and expense of keeping, maintaining and furnishing the jail of each county, and of keeping and maintaining the prisoners thereof, except as otherwise provided by law, shall be paid from the county treasury, the account therefor being first settled by the county board."

By the law, the keeping of the jail is made a part of the official duty of the sheriff, as much so as serving criminal and civil process, preserving the peace and the other varied and

important duties of his office.    It is true he may perform any
of his duties by a deputy—but he is not entitled to be reim-
bursed, out of the county treasury, for money paid to him
for such services, except as provided by law.    It is usual for
the county board, in fixing the salary and compensation of the
sheriff, to make an allowance for deputy hire, but should
they refuse to do so it is clear, we think, that the sheriff could
recover nothing for amounts paid to his deputies.

It is urged by plaintiff in error that, while the sheriff has
the legal custody and control of his jail, he could not give it
his personal attention, without neglecting his other duties.

In some counties this would be true, while in others it
would not be.    In many of the counties of the State the
sheriff is not only theoretically, but actually the keeper of the
jail.

The law intends to give the county board the entire and
absolute control of determining the amount of the compen-
sation or salary to be paid the sheriff for his personal services,
and also the amount he may be authorized to expend on
account of the county for procuring assistance in executing
the entire round of his official duties.

Because county boards may, and sometimes do fail to make
a sufficient allowance for these purposes, it in no way detracts
from their power over the whole subject, or authorizes an
action to compel greater liberality in their dealings with
county officers.    It must be understood we are now speaking
only of the work and labor required to perform the duties
connected with the sheriff's office, which, as we think, includes
the custody and care of the jail and the prisoners confined
in it.

By Sec. 19 the keeper of the jail is required to furnish
bedding, clothing, fuel and medical aid for prisoners, and
keep an accurate account of the same, and Secs. 20 and 21
provide for whitewashing and cleaning the jail and providing
such conveniences for the prisoners as their health requires;
and by Sec. 19 of Chap. 53, the sheriff is allowed, for
dieting each prisoner in jail, such compensation to cover the

actual costs as may be fixed by the county board, but such compensation shall not be considered a part of the fees of his office.

These items of expense and all others, when the written law or humanity make it the duty of the sheriff to expend money to keep his prisoners safely and with proper regard to their comfort and health, are those intended to be included in the language of Sec. 24, of Chap. 75, and for which the county is liable. But for the duty of keeping the jail, whether by the sheriff in person or by deputy, the county makes legal compensation by the salary and deputy hire allowed, and in cases where such compensation is not adequate for the services performed, the county board can alone afford relief.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*